1   NICHOLAS J. BOOS (SBN 233399)
    nboos@maynardcooper.com
2   NORMAN LAU (SBN 253690)
    nlau@maynardcooper.com
3   MAYNARD COOPER & GALE, LLP
    Two Embarcadero Center, Suite 1450
4   San Francisco, California 94111
    Telephone:  (415) 646-4700
5   Facsimile:  (205) 254-1999

6

7   Attorneys for Defendant
    SAFECO INSURANCE COMPANY OF AMERICA

8   Ali Hosseini (SBN 316470)
    Micha H. Goldsman (SBN 322458)
9   LAW OFFICE OF GENE J. GOLDSMAN
    501 W. Civic Center Drive, Santa Ana, CA 92701
10   Tel: (714) 541-3333
    Fax: (714) 541-0456
11   Email: eservice@gjglaw.com

12   Attorney for Plaintiff YAAKOV LEVY

13

**UNITED STATES DISTRICT COURT**

14

**CENTRAL DISTRICT OF CALIFORNIA**

15

16   YAAKOV LEVY,                |  Case No. 2:21-cv-08520-RGK-E

17                Plaintiffs,   |  **STIPULATED PROTECTIVE ORDER**

18       v.

19   SAFECO INSURANCE COMPANY OF
    AMERICA; DOE ADJUSTER and
20   DOES 1 TO 100,

21                Defendants.

22

23

24

25

26

27

28

{06422129.1}

STIPULATED PROTECTIVE ORDER

1.     A.     <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

     B.     <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that

29

1    information will not be designated as confidential for tactical reasons and that

2    nothing be so designated without a good faith belief that it has been maintained in a

3    confidential, non-public manner, and there is good cause why it should not be part

4    of the public record of this case.

5         C.    ACKNOWLEDGEMENT OF PROCEDURE FOR FILING UNDER

6               SEAL

7         The parties further acknowledge, as set forth in Section 12.3, below, that this

8    Stipulated Protective Order does not entitle them to file confidential information

9    under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

10   and the standards that will be applied when a party seeks permission from the court

11   to file material under seal.

12        There is a strong presumption that the public has a right of access to judicial

13   proceedings and records in civil cases. In connection with non-dispositive motions,

14   good cause must be shown to support a filing under seal. *See Kamakana v. City and*

15   *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

16   *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,*

17   *Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

18   require good cause showing), and a specific showing of good cause or compelling

19   reasons with proper evidentiary support and legal justification, must be made with

20   respect to Protected Material that a party seeks to file under seal. The parties' mere

21   designation of Disclosure or Discovery Material as CONFIDENTIAL does not—

22   without the submission of competent evidence by declaration, establishing that the

23   material sought to be filed under seal qualifies as confidential, privileged, or

24   otherwise protectable—constitute good cause.

25        Further, if a party requests sealing related to a dispositive motion or trial,

26   then compelling reasons, not only good cause, for the sealing must be shown, and

27   the relief sought shall be narrowly tailored to serve the specific interest to be

28   protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir.

{06422129.1}

3

STIPULATED PROTECTIVE ORDER

1    2010). For each item or type of information, document, or thing sought to be filed

2    or introduced under seal in connection with a dispositive motion or trial, the party

3    seeking protection must articulate compelling reasons, supported by specific facts

4    and legal justification, for the requested sealing order. Again, competent evidence

5    supporting the application to file documents under seal must be provided by

6    declaration.

7            Any document that is not confidential, privileged, or otherwise protectable in

8    its entirety will not be filed under seal if the confidential portions can be redacted.

9    If documents can be redacted, then a redacted version for public viewing, omitting

10   only the confidential, privileged, or otherwise protectable portions of the document,

11   shall be filed. Any application that seeks to file documents under seal in their

12   entirety should include an explanation of why redaction is not feasible.

13   2.      DEFINITIONS

14           2.1      Action: *Levy v. Safeco Insurance Company of America*, Case No.

15   2:21-cv-08520-RGK-E.

16           2.2      Challenging Party:  a Party or Non-Party that challenges the

17   designation of information or items under this Order.

18           2.3      "CONFIDENTIAL" Information or Items:  information (regardless of

19   how it is generated, stored or maintained) or tangible things that qualify for

20   protection under Federal Rule of Civil Procedure 26(c), and as specified above in

21   the Good Cause Statement.

22           2.4      Counsel: Outside Counsel of Record and House Counsel (as well as

23   their support staff).

24           2.5      Designating Party: a Party or Non-Party that designates information or

25   items that it produces in disclosures or in responses to discovery as

26   "CONFIDENTIAL."

27           2.6      Disclosure or Discovery Material: all items or information, regardless

28   of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

1    The protections conferred by this Stipulation and Order cover not only

2  Protected Material (as defined above), but also (1) any information copied or

3  extracted from Protected Material; (2) all copies, excerpts, summaries, or

4  compilations of Protected Material; and (3) any testimony, conversations, or

5  presentations by Parties or their Counsel that might reveal Protected Material.

6    Any use of Protected Material at trial shall be governed by the orders of the

7  trial judge. This Order does not govern the use of Protected Material at trial.

8  4.    DURATION

9    Once a case proceeds to trial, information that was designated as

10 CONFIDENTIAL or maintained pursuant to this protective order used or

11 introduced as an exhibit at trial becomes public and will be presumptively available

12 to all members of the public, including the press, unless compelling reasons

13 supported by specific factual findings to proceed otherwise are made to the trial

14 judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing

15 "good cause" showing for sealing documents produced in discovery from

16 "compelling reasons" standard when merits-related documents are part of court

17 record). Accordingly, the terms of this protective order do not extend beyond the

18 commencement of the trial.

19 5.    DESIGNATED PROTECTED MATERIAL

20    5.1    Exercise of Restraint and Care in Designating Material for Protection.

21 Each Party or Non-Party that designates information or items for protection under

22 this Order must take care to limit any such designation to specific material that

23 qualifies under the appropriate standards. The Designating Party must designate for

24 protection only those parts of material, documents, items or oral or written

25 communications that qualify so that other portions of the material, documents,

26 items or communications for which protection is not warranted are not swept

27 unjustifiably within the ambit of this Order.

28    Mass, indiscriminate or routinized designations are prohibited. Designations

1    that are shown to be clearly unjustified or that have been made for an improper

2    purpose (e.g., to unnecessarily encumber the case development process or to

3    impose unnecessary expenses and burdens on other parties) may expose the

4    Designating Party to sanctions.

5          If it comes to a Designating Party's attention that information or items that it

6    designated for protection do not qualify for protection, that Designating Party must

7    promptly notify all other Parties that it is withdrawing the inapplicable designation.

8          5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

9    this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

10   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

11   under this Order must be clearly so designated before the material is disclosed or

12   produced.

13         Designation in conformity with this Order requires:

14         (a)    for information in documentary form (e.g., paper or electronic

15   documents, but excluding transcripts of depositions or other pretrial or trial

16   proceedings), that the Producing Party affix at a minimum, the legend

17   "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

18   contains protected material. If only a portion of the material on a page qualifies for

19   protection, the Producing Party also must clearly identify the protected portion(s)

20   (e.g., by making appropriate markings in the margins).

21         A Party or Non-Party that makes original documents available for inspection

22   need not designate them for protection until after the inspecting Party has indicated

23   which documents it would like copied and produced. During the inspection and

24   before the designation, all of the material made available for inspection shall be

25   deemed "CONFIDENTIAL." After the inspecting Party has identified the

26   documents it wants copied and produced, the Producing Party must determine

27   which documents, or portions thereof, qualify for protection under this Order. Then,

28   before producing the specified documents, the Producing Party must affix the

"CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3    Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

6.4    The burden of persuasion in any such challenge proceeding shall be on

1  the Designating Party. Frivolous challenges, and those made for an improper

2  purpose (e.g., to harass or impose unnecessary expenses and burdens on other

3  parties) may expose the Challenging Party to sanctions. Unless the Designating

4  Party has waived or withdrawn the confidentiality designation, all parties shall

5  continue to afford the material in question the level of protection to which it is

6  entitled under the Producing Party's designation until the Court rules on the

7  challenge.

8  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

9        7.1    Basic Principles. A Receiving Party may use Protected Material that is

10  disclosed or produced by another Party or by a Non-Party in connection with this

11  Action only for prosecuting, defending or attempting to settle this Action. Such

12  Protected Material may be disclosed only to the categories of persons and under the

13  conditions described in this Order. When the Action has been terminated, a

14  Receiving Party must comply with the provisions of section 13 below (FINAL

15  DISPOSITION).

16        Protected Material must be stored and maintained by a Receiving Party at a

17  location and in a secure manner that ensures that access is limited to the persons

18  authorized under this Order.

19        7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

20  otherwise ordered by the court or permitted in writing by the Designating Party, a

21  Receiving Party may disclose any information or item designated

22  "CONFIDENTIAL" only to:

23        (a)    the Receiving Party's Outside Counsel of Record in this Action, as

24  well as employees of said Outside Counsel of Record to whom it is reasonably

25  necessary to disclose the information for this Action;

26        (b)    the officers, directors, and employees (including House Counsel) of

27  the Receiving Party to whom disclosure is reasonably necessary for this Action;

28        (c)    Experts (as defined in this Order) of the Receiving Party to whom

1    disclosure is reasonably necessary for this Action and who have signed the

2    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3             (d)     the court and its personnel;

4             (e)     court reporters and their staff;

5             (f)     professional jury or trial consultants, mock jurors, and Professional

6    Vendors to whom disclosure is reasonably necessary for this Action and who have

7    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8             (g)     the author or recipient of a document containing the information or a

9    custodian or other person who otherwise possessed or knew the information;

10           (h)     during their depositions, witnesses, and attorneys for witnesses, in the

11   Action to whom disclosure is reasonably necessary provided: (1) the deposing party

12   requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they

13   will not be permitted to keep any confidential information unless they sign the

14   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

15   agreed by the Designating Party or ordered by the court. Pages of transcribed

16   deposition testimony or exhibits to depositions that reveal Protected Material may

17   be separately bound by the court reporter and may not be disclosed to anyone

18   except as permitted under this Stipulated Protective Order; and

19           (i)     any mediator or settlement officer, and their supporting personnel,

20   mutually agreed upon by any of the parties engaged in settlement discussions.

21   8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

22           IN OTHER LITIGATION

23           If a Party is served with a subpoena or a court order issued in other litigation

24   that compels disclosure of any information or items designated in this Action as

25   "CONFIDENTIAL," that Party must:

26           (a)     promptly notify in writing the Designating Party. Such notification

27   shall include a copy of the subpoena or court order;

28           (b)     promptly notify in writing the party who caused the subpoena or order

1  to issue in the other litigation that some or all of the material covered by the

2  subpoena or order is subject to this Protective Order. Such notification shall include

3  a copy of this Stipulated Protective Order; and

4       (c)    cooperate with respect to all reasonable procedures sought to be

5  pursued by the Designating Party whose Protected Material may be affected.

6       If the Designating Party timely seeks a protective order, the Party served with

7  the subpoena or court order shall not produce any information designated in this

8  action as "CONFIDENTIAL" before a determination by the court from which the

9  subpoena or order issued, unless the Party has obtained the Designating Party's

10  permission. The Designating Party shall bear the burden and expense of seeking

11  protection in that court of its confidential material and nothing in these provisions

12  should be construed as authorizing or encouraging a Receiving Party in this Action

13  to disobey a lawful directive from another court.

14  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

15      PRODUCED IN THIS LITIGATION

16       (a)    The terms of this Order are applicable to information produced by a

17  Non-Party in this Action and designated as "CONFIDENTIAL." Such information

18  produced by Non-Parties in connection with this litigation is protected by the

19  remedies and relief provided by this Order. Nothing in these provisions should be

20  construed as prohibiting a Non-Party from seeking additional protections.

21       (b)    In the event that a Party is required, by a valid discovery request, to

22  produce a Non-Party's confidential information in its possession, and the Party is

23  subject to an agreement with the Non-Party not to produce the Non-Party's

24  confidential information, then the Party shall:

25       (1)    promptly notify in writing the Requesting Party and the Non-

26  Party that some or all of the information requested is subject to a confidentiality

27  agreement with a Non-Party;

28       (2)    promptly provide the Non-Party with a copy of the Stipulated

1    Protective Order in this Action, the relevant discovery request(s), and a reasonably

2    specific description of the information requested; and

3            (3)    make the information requested available for inspection by the

4    Non-Party, if requested.

5            (c)    If the Non-Party fails to seek a protective order from this court within

6    14 days of receiving the notice and accompanying information, the Receiving Party

7    may produce the Non-Party's confidential information responsive to the discovery

8    request. If the Non-Party timely seeks a protective order, the Receiving Party shall

9    not produce any information in its possession or control that is subject to the

10   confidentiality agreement with the Non-Party before a determination by the court.

11   Absent a court order to the contrary, the Non-Party shall bear the burden and

12   expense of seeking protection in this court of its Protected Material.

13   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

14           If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

15   Protected Material to any person or in any circumstance not authorized under this

16   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

17   writing the Designating Party of the unauthorized disclosures, (b) use its best

18   efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

19   person or persons to whom unauthorized disclosures were made of all the terms of

20   this Order, and (d) request such person or persons to execute the "Acknowledgment

21   and Agreement to Be Bound" that is attached hereto as Exhibit A.

22   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

23           PROTECTED MATERIAL

24           When a Producing Party gives notice to Receiving Parties that certain

25   inadvertently produced material is subject to a claim of privilege or other

26   protection, the obligations of the Receiving Parties are those set forth in Federal

27   Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

28   whatever procedure may be established in an e-discovery order that provides for

{06422129.1}                                12
STIPULATED PROTECTIVE ORDER

1    production without prior privilege review. Pursuant to Federal Rule of Evidence

2    502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

3    of a communication or information covered by the attorney-client privilege or work

4    product protection, the parties may incorporate their agreement in the stipulated

5    protective order submitted to the court.

6    12.    MISCELLANEOUS

7          12.1   Right to Further Relief. Nothing in this Order abridges the right of any

8    person to seek its modification by the Court in the future.

9          12.2   Right to Assert Other Objections. By stipulating to the entry of this

10   Protective Order, no Party waives any right it otherwise would have to object to

11   disclosing or producing any information or item on any ground not addressed in

12   this Stipulated Protective Order. Similarly, no Party waives any right to object on

13   any ground to use in evidence of any of the material covered by this Protective

14   Order.

15         12.3   Filing Protected Material. A Party that seeks to file under seal any

16   Protected Material must comply with Local Civil Rule 79-5. Protected Material

17   may only be filed under seal pursuant to a court order authorizing the sealing of the

18   specific Protected Material at issue. If a Party's request to file Protected Material

19   under seal is denied by the court, then the Receiving Party may file the information

20   in the public record unless otherwise instructed by the court.

21   13.    FINAL DISPOSITION

22         After the final disposition of this Action, as defined in paragraph 4, within 60

23   days of a written request by the Designating Party, each Receiving Party must

24   return all Protected Material to the Producing Party or destroy such material. As

25   used in this subdivision, "all Protected Material" includes all copies, abstracts,

26   compilations, summaries, and any other format reproducing or capturing any of the

27   Protected Material. Whether the Protected Material is returned or destroyed, the

28   Receiving Party must submit a written certification to the Producing Party (and, if

1   not the same person or entity, to the Designating Party) by the 60 day deadline that

2   (1) identifies (by category, where appropriate) all the Protected Material that was

3   returned or destroyed and (2) affirms that the Receiving Party has not retained any

4   copies, abstracts, compilations, summaries or any other format reproducing or

5   capturing any of the Protected Material. Notwithstanding this provision, Counsel

6   are entitled to retain an archival copy of all pleadings, motion papers, trial,

7   deposition, and hearing transcripts, legal memoranda, correspondence, deposition

8   and trial exhibits, expert reports, attorney work product, and consultant and expert

9   work product, even if such materials contain Protected Material. Any such archival

10  copies that contain or constitute Protected Material remain subject to this Protective

11  Order as set forth in Section 4 (DURATION).

12  14.   <u>VIOLATION</u>

13        Any violation of this Order may be punished by appropriate measures

14  including, without limitation, contempt proceedings and/or monetary sanctions.

15  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

16        We hereby attest that concurrence in the filing of this stipulation was

17  obtained by each of the below identified signatories.

18  Dated:  May 24, 2022                    MAYNARD COOPER & GALE LLP

19

20                                            /s/ Norman Lau
                                           Nicholas J. Boos
21                                         Norman Lau
                                           Attorneys for Defendant Safeco Insurance
22                                         Company of America

23
    Dated:  May 24, 2022                    LAW OFFICES OF GENE J. GOLDSMAN
24

25

26                                            /s/ Ali H. Hosseini
                                           Ali Hosseini
27                                         Micha H. Goldsman
                                           Attorney for Plaintiff Yaakov Levy

28

1    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3    DATED: __5/24/22_____                    _____

4                                                        /S/ CHARLES F. EICK
                                                HON. CHARLES F. EICK
5                                               UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{06422129.1}                              15
                         STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

1

2

3

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

[date] in the case of *Yaakov Levy v. Safeco Insurance Company of America, et al.*,

Case No. 2:21-cv-08520-RGK-E.  I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed:_____

Printed name: _____

Signature:_____

{06422129.1}

16

STIPULATED PROTECTIVE ORDER